UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARIA ARIAS ZEBALLOS, :
:
Plaintiff, :
: 06 Civ. 1268 (GEL)
v. :
: **OPINION AND ORDER**
DR. ANAMAH TAN, :
:
Defendant. :
:
------------------------------------------------------------x

Maria Arias Zeballos, pro se.

Betsy Lambert, New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

Defendant Anamah Tan moves to dismiss pro se plaintiff Maria Arias Zeballos's complaint, and in the alternative to strike portions thereof. Plaintiff, in turn, moves to remand to state court and to dismiss the counterclaims asserted in defendant's answer. All of the motions will be denied, plaintiff's defective service will be quashed, and the Court will grant plaintiff until October 2, 2006, to effect proper service.

## BACKGROUND

Plaintiff originally filed her complaint, primarily alleging breach of an oral employment contract, in the Supreme Court of the County of New York on January 11, 2006. On February 17, 2006, defendant removed the case to this Court, asserting diversity of citizenship. Ten days later, defendant moved to dismiss and to strike, claiming, inter alia, lack of proper service. Plaintiff moved to remand on February 28, 2006. After both plaintiff's and defendant's motions

were fully briefed, defendant submitted a Partial Answer with Counterclaims on June 20, 2006. Plaintiff then moved to dismiss the counterclaims.

In connection with the various motions at issue, the parties have submitted hundreds of pages to the Court setting forth their competing views regarding the events surrounding this litigation. The material submitted is needlessly repetitive, rife with ad hominem attacks, and, in several instances, entirely irrelevant to the legal issues currently before the Court. For these reasons, and because the motions must be disposed of on strictly procedural grounds, the Court will not describe the parties' allegations in detail. It suffices to note that plaintiff, a former employee of the defendant, primarily claims that defendant violated an oral employment contract between them, and that each party claims that the other defamed her during and after the disintegration of their professional relationship.

## DISCUSSION

I.      Motion to Remand

In light of the limited jurisdiction of federal courts and in deference to principles of federalism, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Beatie and Osborn LLP v. Patriot Scientific Corp., --- F. Supp. 2d ----, 05 Civ. 6425 (PKL), 2006 WL 1233937, at *6 (S.D.N.Y. May 9, 2006) (citations and internal quotation marks omitted). The removing party, moreover, bears the burden of demonstrating that removal is proper. Id. Here, despite these strict removal standards, defendant has clearly demonstrated that, in view of the diversity of citizenship between the parties, removal is warranted under 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff's motion to remand presents two challenges to removal, but neither is persuasive.

A. Diversity of Citizenship

Plaintiff claims that diversity of citizenship is lacking. The record clearly establishes, however, that plaintiff is a United States citizen domiciled in the State of New York, that defendant is a citizen of Singapore who is not a permanent resident of the United States domiciled in New York, and that the amount in controversy exceeds $75,000. (See Amended Verified Complaint ("Compl.") ¶¶ 1, 2, 57; Affidavit of Anamah Tan in Opposition to D. Mot. to Remand ¶¶ 1-3; Affirmation in Response to D. Opposition to Remand ¶¶ 19, 21; see also Partial Answer with Counterclaims ¶ 13; P. Mot. to Dismiss Counterclaims ¶ 15.) Nothing more is required to establish federal diversity jurisdiction. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of a State and citizens or subjects of a foreign state . . . . For the purposes of this section, . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."); id. §§ 1441(b), 1446.[1] There is no merit to plaintiff's claim that defendant's substantial connections to New York somehow render her a New York citizen so as to defeat diversity

---

[1] Defendant's notice of removal contains a technical defect in that it alleges diversity of residence instead of diversity of citizenship. See Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997); Johnson v. Progressive Ins. Co., 03 Civ. 4891 (LAK), 2003 WL 21554957, at *1 (S.D.N.Y. July 8, 2003). Nevertheless, because statements submitted by the parties in connection with the motion to remand, together with the complaint, clearly establish that there is diversity of citizenship (see supra), the Court will not remand the case based on the initial technical defect. Cf. Lee v. Coss, 201 F.3d 431, 1999 WL 1314741, at *1 (2d Cir. Dec. 29, 1999) (unpublished opinion) (holding that a district court had diversity jurisdiction, despite the fact that the complaint alleged only diversity of residence, where affidavits submitted at the direction of the Court of Appeals established that there was also diversity of citizenship).

jurisdiction; in making this argument, pro se plaintiff appears to have confused issues of diversity and subject matter jurisdiction with issues of personal jurisdiction.

B.  Timeliness of Notice of Removal

Plaintiff also argues that the notice of removal was untimely under 28 U.S.C. § 1446(b), which requires that a notice of removal "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because defendant received the initial pleading by January 14, 2006, at the latest, plaintiff contends that the February 17, 2006 notice of removal was untimely.

Despite the seemingly clear language of 28 U.S.C. § 1446(b), the Supreme Court has held that the provision's thirty day period is not triggered until a plaintiff effects formal service on the defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by *formal process*. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." (emphasis added)). Here, none of plaintiff's attempts at service were sufficient to trigger the thirty-day removal period.

Under New York law, a plaintiff may effect formal service in various ways. Section 308 of New York Civil Practice Law and Rules provides in part:

> Personal service upon a natural person shall be made by any of the following methods:
> 1. by delivering the summons within the state to the person to be served; or
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ; or
> 3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318. . . . ;
> 4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ;
> 5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

N.Y.C.P.L.R. § 308; see also id. §§ 312-a, 313.

Plaintiff here has complied with none of § 308's subsections. Plaintiff did not, for example, "deliver[] the summons within the state to the person to be served" or serve the summons on an authorized agent. Id. § 308(1); § 308(3). Nor has plaintiff demonstrated that service under § 308(1) and (2) cannot be made with "due diligence" so as to trigger § 308(4), or that service under § 308(1), (2) and (4) is "impracticable" so as to trigger § 308(5).

Plaintiff has a stronger argument that service was effected under § 308(2). That provision requires two steps: (1) the summons must be delivered "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," and (2) the summons must be mailed to the defendant's "last known residence" or mailed by first class mail to defendant's "actual place of business." Id. § 308(2). Plaintiff

5

complied with the first requirement. On January 11, 2006, a process server attempted to deliver the summons to the apartment where defendant stays when in New York. Defendant's regular stays in the apartment support a finding that the apartment constitutes a "dwelling" under § 308(2), or even a "usual place of abode." Id.; (see Affidavit of Anamah Tan in Opposition to D. Mot. to Remand ¶¶ 1-3 (indicating that defendant comes to New York regularly for business-related reasons, spending a minimum total of eight to ten weeks in the apartment per year); see also Howard Johnson Int'l, Inc. v. Wang, 7 F. Supp. 2d 336, 340 (S.D.N.Y. 1998) (finding that a hotel was one of defendant's "dwelling places" for purposes of § 308(2) irrespective of whether he maintained residences in other places); Karlin v. Avis, 326 F. Supp. 1325, 1329, 1330 (S.D.N.Y. 1971) ("In a highly mobile society it is unrealistic to interpret . . . § 308(2) as mandating service at only one location where, in fact, a defendant maintains several dwelling places. . . . That [defendant] is not a resident of New York and that he spends a considerable amount of time elsewhere does not mean that the apartment is not his dwelling place.")[2]; Krechmer v. Boulakh, 715 N.Y.S.2d 253, 254 (2d Dep't 2000) (holding that defendant's house

---

[2] To the extent Karlin might be interpreted as supporting a similarly broad reading of the word "residence," as opposed to "dwelling," it has been implicitly rejected by the New York courts. See Mangold v. Neuman, 449 N.Y.S.2d 232, 232 (1st Dep't 1982) (upholding finding that defendant's apartment, which she maintained and paid for herself, and which she used about twice a month for business reasons, was not a "residence" for purposes of New York's service requirements, and disregarding the dissent's reliance on Karlin), aff'd, 57 N.Y.2d 627 (1982); see also ITC Entm't, Ltd. v. Nelson Film Partners, 714 F.2d 217, 221 n.3 (2d Cir. 1983). Despite the suggestion of some courts, however, see, e.g., Nat'l Dev. Co. v. Triad Holding Corp., 131 F.R.D. 408, 412 n.6 (S.D.N.Y. 1990), Mangold does not undermine Karlin's broad reading of "dwelling." See Mangold, 449 N.Y.S. at 232 (holding only that the "finding that defendant[] was not a *resident* of New York under [§] 308(2) was amply supported by the facts" (emphasis added)); see Mangold, 57 N.Y.2d at 628 (referring to apartment as defendant's "dwelling" and upholding Appellate Division's holding that the dwelling was not a "residence"); cf. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1983) (interpreting Mangold as holding that the apartment at issue was a "dwelling place" but not a "residence").

in New York was a "dwelling place or usual place of abode within the state" under N.Y.C.P.L.R. § 308(4) even though he stayed in the house "only sporadically" and resided in Moscow (citation and internal quotation marks omitted)); cf. Nat'l Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 257 (2d Cir. 1991) (adopting a broad reading of "dwelling house or usual place of abode" under Federal Rule of Civil Procedure 4 (internal quotation marks omitted)); 131 Main St. Assocs. v. Manko, 897 F. Supp. 1507, 1524 (S.D.N.Y. 1995) (same).

Building security procedures denied the server access to plaintiff's actual apartment. The server did, however, leave the summons and complaint with mail room personnel of the apartment building. The server's sworn statement indicates, and defendant does not dispute, that the person with whom the summons and complaint were left was of "suitable age and discretion." (Exhibits to D. Mot. to Remand.) Moreover, the fact that the server was blocked from proceeding beyond the lobby or mail room does not mean that she failed to reach defendant's actual dwelling for purposes of § 308(2). See duPont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 797 (1977).

Nevertheless, plaintiff failed to fulfill the second requirement of § 308(2), which requires "either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y.C.P.L.R. § 308(2). There is no showing here that plaintiff mailed the summons by first class mail to defendant's "actual place of business."³ And, while the apartment to which

---

³ Plaintiff claims that a personal server delivered a copy of the summons and complaint to a representative at the Singapore Mission of the United Nations. (P. Affirmation in Response to D. Opposition to Remand ¶ 6.) Assuming, arguendo, that this was defendant's "actual place of business," delivery of a summons and complaint to a place of business is not sufficient. Plaintiff must also mail the summons and complaint to that address. See N.Y.C.P.L.R. 308(2); In re Chaus Secs. Litig., 801 F. Supp. 1257, 1262 (S.D.N.Y. 1992); Waite v. Coombe, 668

7

plaintiff mailed the summons and complaint may be defendant's "dwelling" or "place of abode," New York case law precludes a finding that the apartment is defendant's "residence" for purposes of New York service requirements.

In Mangold v. Neuman, 449 N.Y.S.2d 232 (1st Dep't 1982), for example, see supra note 2, the First Department upheld a finding that a non-domiciliary defendant's New York apartment could not be considered a "residence" for purposes of New York service requirements, despite the fact that defendant maintained and paid for the apartment herself, used it approximately twice a month when her presence was required for business reasons, and had moved personal property into the apartment, including such substantial furnishings as a piano. Id. at 232; see also id. at 233-35 (Bloom, J., dissenting). The New York Court of Appeals affirmed. See 57 N.Y.2d 627 (1982)[4]; see also Karlin, 326 F. Supp. at 1330 ("'Dwell' is to be distinguished from 'reside' which means 'to dwell permanently or continuously'" (citation omitted)); Feinstein v. Bergner, 48 N.Y.2d 234, 239 (1979) ("While there may be some question as to whether there is a distinction between 'dwelling place' and 'usual place of abode,' there has never been any serious doubt that neither term may be equated with the 'last known residence' of the defendant."). The current record suggests no meaningful difference between defendant's apartment in New York and the apartment at issue in Mangold.[5] (See also D. Affidavit in Support of Mot. to Dismiss

---

N.Y.S.2d 767, 769 (3d Dep't 1998).

[4] The Court of Appeals's review was limited. See 57 N.Y.2d at 628 ("The courts below concluded that defendant's dwelling place, where she stayed occasionally in connection with her business activities, was not a residence for purposes of [§ 308(2)]. This affirmed factual determination is beyond the scope of our review, there being evidence in the record to support it.").

[5] The Court understands that, particularly from a pro se litigant's perspective, it may appear inequitable to focus the service inquiry on plaintiff's noncompliance with the technical

8

(claiming that apartment at issue in the instant case is owned by a corporation and that defendant is merely "allowed to stay" there when in Manhattan on business).)

In sum, because plaintiff has failed to demonstrate formal service of process in accordance with New York law, the thirty-day removal period of 28 U.S.C. § 1446(b) was never triggered, and defendant has timely removed the case to this Court.[6]

---

details of New York's service requirements, particularly in light of the undisputed fact that defendant is on full notice of the claims against her and has received copies of the complaint. Under New York law, however, this Court is not at liberty to disregard formal service requirements, even where actual notice is undisputed. See Raschel v. Rish, 69 N.Y.2d 694, 697 (1986); United States Bank Nat'l Ass'n v. Vanvliet, 805 N.Y.S.2d 459, 462 (3d Dep't 2005).

      The Court also acknowledges that by focusing on plaintiff's failure to conform to the technicalities of New York's service requirements, the Court diverges somewhat from the approach it adopted in Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177 (S.D.N.Y. 2003), in which the Court stated that "state law generally is disregarded when questions relating to removal are considered." Id. at 182 n.4 (citation and internal quotation marks omitted). The opinion in Stan Winston may well have understated the importance of state law in the application of federal removal provisions. See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 384 & n.16 (S.D.N.Y. 2006) (noting that some of the authorities on which Stan Winston relied have been abrogated, and holding that "federal courts look to state law to determine the propriety of service in the context of remand motions"). In any event, the actual holding in that case — that the Court could disregard, for purposes of a remand motion, "the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed 'complete,'" Stan Winston, 314 F. Supp. 2d at 181 — is both defensible and consistent with the holding in the instant case. In Stan Winston, the state service provision disregarded by this Court was a provision to which New York law itself does not attach much importance in determining whether service has been effected. See Stan Winston, 422 F. Supp. 2d at 181-82. Here, in contrast, plaintiff's failure to mail the summons to defendant's actual place of business or last known residence is, under New York law, a fatal defect defeating jurisdiction. See, e.g., Glikman v. Horowitz, 411 N.Y.S.2d 365, 366 (2d Dep't 1978) ("Process was never mailed to the defendant's residence . . . . [S]uch a defect cannot be disregarded as a mere procedural 'irregularity' inasmuch as the statute must be strictly complied with to confer personal jurisdiction." (citation omitted)).

    [6] The fact that defendant was never properly served under New York law does not affect defendant's right to remove. Federal law specifically contemplates removal prior to proper service. See 28 U.S.C. § 1448.

II.     Defendant's Motion to Dismiss

Defendant moves for dismissal of the complaint, arguing that service was not proper and that the Court therefore lacks personal jurisdiction over the defendant. Defendant further argues that plaintiff failed to comply with federal pleading requirements, that the parole evidence rule bars consideration of plaintiff's contract claim, and that to the extent plaintiff alleges unlawful discrimination and retaliation, she has failed to exhaust her administrative remedies. Defendant also moves to strike portions of plaintiff's complaint.

Where, as here, "a [c]ourt is asked to rule on a combination of Rule 12 defenses," the court should "pass on the jurisdictional issues before considering whether a claim is stated in the complaint." Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 769 (E.D.N.Y. 1997), citing, inter alia, Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963) (en banc); see In re Rationis Enters., Inc. of Panama, 261 F.3d 264, 267-68 (2d Cir. 2001). Thus, the Court turns first to defendant's claim that proper service was never effected.

As a preliminary matter, the Court must determine whether the defendant has waived objections based on improper service by asserting counterclaims in her Partial Answer filed on June 20, 2006.[7] It is clear that defendant does not intend any such waiver. In her Partial Answer, she "reiterates all allegations as contained in her motion to dismiss regarding lack of jurisdiction," as well as the "the affirmative defenses raised in her motion to dismiss."[8] (Partial Answer ¶¶ 16, 18.) Nevertheless, it might be argued that by asserting counterclaims, defendant

---

[7] As the counterclaims were filed after removal, federal law determines whether the service objections have been waived. See Fed. R. Civ. P. 81(c).

[8] The Partial Answer also specifically reiterates the defense under "Fed. Rule[] . . . 12 (5)." (Partial Answer ¶ 18.) The Court assumes that defendant intended to cite Federal Rule 12(b)(5), which pertains to "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5).

10

has willingly submitted herself to the court's jurisdiction, thereby waiving any defenses based on lack of personal jurisdiction, including the defense of improper service.

The Federal Rules of Civil Procedure do not provide a clear answer to whether the assertion of counterclaims waives objections based on improper service, and the Second Circuit has not ruled on the issue. See M & D Info. Sys., Inc. v. Tower Group, Inc., 05 Civ. 552 (PCD), 2006 WL 752880, at *5-*6 (D. Conn. Mar. 21, 2006). The trend in recent cases, however, "is to hold that no Rule 12(b) defense is waived by the assertion of a counterclaim, whether permissive or compulsory." 5C Wright & Miller, Federal Practice and Procedure § 1397; see, e.g., M&D Info. Sys., 2006 WL 752880, at *5-*7 (holding that assertion of a counterclaim does not waive personal jurisdiction defenses, and citing cases holding the same); Wafios Mach. Corp. v. Nucoil Indus. Co., 03 Civ. 9865 (RWS), 2004 WL 1627168, at *1-*2 (S.D.N.Y. July 21, 2004) (same). This is a sound approach. As explained by Wright & Miller:

> Since a defendant who is contemplating the assertion of a counterclaim always can avoid waiver by raising his defenses through pre-answer motion or by asserting his counterclaim through a pleading amendment, permitting a counterclaim to be asserted in the answer as well as by motion comports with the policy behind the federal rules of favoring substance over form. Nor does such a practice necessarily sanction the inconsistency of allowing a party to invoke the power of the court for her own purposes while she simultaneously denies on personal convenience grounds its authority to adjudicate a claim against her. Federal courts rejecting waiver have avoided this result by treating counterclaims raised in this context as having been asserted contingent on the denial of the defendant's Rule 12(b) objections. Moreover, this practice of allowing a defendant in effect to plead alternatively a counterclaim and one or more threshold defenses conserves judicial resources, for if one of the defenses proves successful, the parties need not litigate a claim that the defendant presumably has no interest in asserting independently.

5C Wright & Miller, supra, § 1397 (footnote omitted). Accordingly, defendant's objections to improper service have not been waived.[9] The merits of that service objection must therefore be assessed.

Because service was attempted only *before* removal to federal court, the propriety of service must be determined by reference to state law. Fed. R. Civ. P. 81(c) (providing that the federal rules "govern procedure *after* removal" (emphasis added)); see also Norsyn, Inc. v. Desai, 351 F.3d 825, 829 & n.4 (8th Cir. 2003); Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 383 (S.D.N.Y. 2006). Plaintiff bears the "burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process." Bankers Trust Co. of California v. Tsoukas, 756 N.Y.S.2d 92, 94 (2d Dep't 2003). For reasons discussed supra, Part I, plaintiff has not met that burden.[10]

It does not follow, however, that defendant's motion to dismiss must be granted. "Where service has not been proper, the Court has broad discretion either to dismiss the action or to quash the improper service and extend the time for service." Bender v. Gen. Servs. Admin., 05 Civ.

---

[9] It is beyond question, moreover, that defendant did not waive her objections based on improper service by filing a notice of removal. See Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

[10] Even if the effectiveness of plaintiff's attempts at service were properly judged under the federal rules, it is doubtful that plaintiff would prevail. Though the January 11, 2006, delivery of the summons and complaint to the mailing room of defendant's apartment building likely satisfied Rule 4(e)(2)'s requirement that the complaint be delivered to a person of "suitable age and discretion" at defendant's "dwelling house or usual place of abode," Rule 4(e)(2), unlike N.Y.C.P.L.R. § 308(2) contains an additional requirement that the person accepting delivery *reside* at the dwelling or abode in question. See Fed. R. Civ. P. 4(e)(2). The present record does not establish that the person accepting service "reside[d]" at the apartment building in question for purposes of Rule 4. See Polo Fashions Inc. v. B. Bowman & Co., 102 F.R.D. 905, 907-08 (S.D.N.Y. 1984); see also 131 Main St. Assocs., 897 F. Supp. at 1525.

6459 (GEL), 2006 WL 988241, at *4 (S.D.N.Y. Apr. 14, 2006); see also Mejia v. Castle Hotel, 164 F.R.D. 343, 344 (S.D.N.Y.1996) ("Where good cause is shown, Rule 4(m) requires the Court [to] extend time to serve process. However, where . . . good cause is not established, a court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." (citation and footnote omitted)). The circumstances of the instant case weigh heavily in favor of extending the time for service. Plaintiff is a pro se litigant attempting service on a foreign domiciliary who makes only occasional visits to New York. Evidence in the record suggests, moreover, that defendant may have attempted to evade service while present within the state. Most importantly, the defendant has received actual notice of the suit; indeed, defendant concedes that she received several copies of the summons and complaint at the apartment where she stays in Manhattan. Defendant has also filed counterclaims against plaintiff arising out of the same subject matter. Given that the primary purpose of service requirements is to ensure actual notice, see Hanna v. Plumer, 380 U.S. 460, 462 n. 1 (1965); Bender, 2006 WL 988241, at *3, defendant's service objection is entirely without equitable appeal. Accordingly, defendant's motion to dismiss based on improper service will be denied, and plaintiff will be granted additional time to effect service on defendant.

Because proper service has not been effected, the Court remains without personal jurisdiction over the defendant. See Dynegy Midstream Servs. v. Trammochem, --- F.3d ----, 2006 WL 1612722, at *4 (2d Cir. June 13, 2006). Accordingly, the Court will not at this stage consider defendant's additional defenses or defendant's motion to strike. See In re Rationis Enters., Inc. of Panama, 261 F.3d at 267; Bender, 2006 WL 988241, at *4; see also Gen. Contracting & Trading Co., LLC v. Interpole, Inc., 899 F.2d 109, 114 (1st Cir. 1990) ("[I]t is

13

settled beyond peradventure that a . . . judgment . . . entered by a court which lacks personal jurisdiction over the defendant[] is a nullity . . . ."); Michael v. I.N.S., 870 F. Supp. 44, 46 (S.D.N.Y. 1994) ("This court should not issue an advisory opinion on the merits of a case in which it does not have personal jurisdiction.").[11]

III.   Plaintiff's Motion to Dismiss

Plaintiff moves to dismiss each of defendant's counterclaims. As explained above, however, see supra Part II, the Court views the assertion of counterclaims as contingent on the Court's rejection of defendant's defense of improper service. As the Court has not rejected the service-based defense, defendant's contingent counterclaims remain, for the time being, a legal nullity. Accordingly, plaintiff's motion to dismiss those claims will be denied as moot, without prejudice to renewal if defendant is properly served and resubmits her counterclaims against plaintiff.

**CONCLUSION**

For the foregoing reasons, the Court denies plaintiff's motion to remand, defendant's motion to dismiss and to strike, and plaintiff's motion to dismiss defendant's counterclaims. Plaintiff's defective service is quashed, and plaintiff shall have until October 2, 2006, to effect

---

[11] The rule barring consideration of the merits where personal jurisdiction is lacking is not always "mechanically applied." Feinstein v. Resolution Trust Corp., 942 F.2d 34, 40 (1st Cir. 1991). In limited circumstances, it may be in the interests of both justice and judicial economy to dismiss a case on the merits even where proper service has not been effected. In Bender, for example, this Court dismissed certain claims against unserved defendants for failure to state a claim, noting that consideration of identical claims against other defendants who *had* been served had already made clear that plaintiff's claims were "manifestly futile." Bender, 2006 WL 988241, at *4. Here, however, nothing indicates to the Court that plaintiff's claims — particularly her contract claim — are manifestly futile; nor is there any other reason to depart from the general rule that courts should not determine whether plaintiff has stated a claim until personal jurisdiction over the defendant is established.

proper service on defendant in accordance with Federal Rule of Civil Procedure 4 or the state law incorporated by Rule 4, see, e.g., N.Y.C.P.L.R. §§ 308, 312-a, 313, and to file proof of service with the Clerk of the Court. The Court strongly encourages defendant to facilitate service or to waive her service-based objection, as it is not in the interests of justice to delay resolution of the case on hypertechnical grounds, particularly in light of plaintiff's pro se status and the fact that defendant has long been on notice of the claims against her.

If and when plaintiff files proof of service, or upon defendant's waiver of the service objection, defendant shall have fifteen days to notify the Court of her intention to re-submit her counterclaims and motion to dismiss and to strike. Plaintiff shall then have fifteen days to notify the Court of her intention to re-submit her own motion to dismiss. The parties shall not, however, submit any further briefing on these motions, unless they request and receive leave to do so from the Court.

SO ORDERED.

Dated: New York, New York
July 7, 2006

GERARD E. LYNCH
United States District Judge