UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARIA ARIAS-ZEBALLOS,                    :

                    Plaintiff,       :     **MEMORANDUM and ORDER**

     -against-                           :     06 Civ. 1268 (GEL)(KNF)

DR. ANAMAH TAN,                          :

                    Defendant.    :
--------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

     Dr. Anamah Tan, the defendant in this breach of contract and defamation action, has asked that subpoenas the pro se plaintiff obtained from the Clerk of Court for this judicial district and served on: (a) Debra Stotts, of Trump World Tower Real Estate Office; (b) Bassam Halloum, Citibank's Branch #34; and (c) Chase Bank be quashed, pursuant to Fed. R. Civ. P. 45(c). The movant contends the subpoenas seek confidential and private information, to wit, copies of the defendant's personal checks and documents concerning the purchase of residential real estate, by a corporation with which the defendant is associated, that are not relevant to this action. The defendant also contends that quashing the subpoenas is warranted because the assigned district judge has determined previously to strike from the plaintiff's complaint allegations concerning the defendant's personal affairs, since those allegations have "no conceivable relationship to the merits of any claims or counterclaims."

     The plaintiff opposes the defendant's request. The plaintiff maintains the documents she

seeks are relevant and are needed to: (a) show that her use of a portion of the residential real estate, as an office, was part of the parties' oral contract; (b) refute the defendant's claim that the plaintiff was an independent contractor; and (c) show that the defendant owned, rather than merely used, the subject premises.

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langord v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). However, courts have recognized that individuals have certain constitutionally protected privacy rights, including "the individual interest in avoiding disclosure of personal matters." McVane v. Federal Deposit Ins. Corp., 44 F.3d 1127, 1136 (2d Cir. 1995) (citations omitted). Accordingly, courts have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution. See Chazin v. Lieberman, 129 F.R.D. 97, 98 (S.D.N.Y. 1990); Carey v. Berisford, No. 90 Civ. 1045, 1991 WL 44843, at *8 (S.D.N.Y. Mar. 28, 1991); Sierra Rutile Ltd. v. Katz, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994); Trump v. Hyatt Corp., No. 93 Civ. 5242, 1994 WL 168021, at *1 (S.D.N.Y. Apr. 29, 1994); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 92-93 (S.D.N.Y. 2002); Reserve Solutions, Inc. v. Vernaglia, No. 05 Civ. 8622, 2006 WL 1788299, at *1 (S.D.N.Y. June 26, 2006); Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993). Thus, the defendant has standing to challenge the subpoenas.

In the case at bar, it appears that the plaintiff's subpoenas seek information concerning the defendant's involvement in the acquisition of residential real estate. Although the plaintiff claims the subpoenas do not "request the amount the Defendant paid for the apartment," the

Court finds that the subpoenas direct their recipients to produce documents that would reveal precisely that information. Moreover, the subpoenas are in tension with determinations made by the court, since they target information regarding matters that have been stricken from the plaintiff's complaint. Therefore, the plaintiff's assertion, that the subpoenas "are directly related to several aspects" of her complaint, is wrong.

The Court is mindful that the scope of discovery, under the Federal Rules of Civil Procedure, is broad. However, those rules make clear that discovery is limited to any matter, not privileged, which is relevant to the claim or defense of any party in the action or appears reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26 (b)(1). Where, as here, the assigned district judge has stricken from the plaintiff's complaint references to a transaction(s) concerning the acquisition of residential real estate, because the matter is not relevant to the claims she has made in this action, subpoenas issued on behalf of the plaintiff seeking information concerning the transaction(s) are inappropriate. Therefore, the defendant's request is granted; the subpoenas will not be enforced by the Court. The parties are to advise the subpoena recipients of the Court's determination expeditiously.

Dated: New York, New York
January 24, 2007

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Maria Arias Zeballos, Esq.
Howard L. Ganz, Esq.

3