```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MARIA ARIAS-ZEBALLOS,                    :

                    Plaintiff,           :    **REPORT AND RECOMMENDATION**

          -against-                      :    06 Civ. 1268 (GEL)(KNF)

DR. ANAMAH TAN,                          :

                    Defendant.           :
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GERARD E. LYNCH, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff Maria Arias-Zeballos, proceeding pro se, brings this action against defendant Dr. Anamah Tan alleging breach of an oral employment contract and defamation. Before the Court is the plaintiff's motion, ex parte, made pursuant to Fed. R. Civ. P. 65, for a temporary restraining order, without notice, and a preliminary injunction.[1] The plaintiff requests that the court: (1) enjoin the defendant from removing or disposing of the assets in her bank accounts; and (2) order the banks, in which the defendant maintains accounts, to refrain from releasing funds to her while this action is pending. The plaintiff also asks the court to issue an order of attachment, pursuant to Fed. R. Civ. P. 64 and New York Civil Practice Law and Rules ("CPLR") § 6201, respecting the defendant's property. The motion is addressed below.

---

[1] The plaintiff styled her motion as an application for preliminary injunction, by Order to Show Cause. However, a liberal reading of the document suggests it is a motion for a temporary restraining order, without notice, and is analyzed accordingly.

1

## II. BACKGROUND

The plaintiff, a United States citizen, filed breach of contract and defamation claims against the defendant, a citizen of Singapore, in January 2006. The plaintiff contends the defendant failed to compensate her for services she rendered, pursuant to an oral agreement. Specifically, the plaintiff asserts that she assisted the defendant, who was the president of the International Council of Women ("ICW"), and performed work for the defendant's election campaign for a position with the United Nations Committee on the Elimination of Discrimination Against Women ("CEDAW"). According to the plaintiff, the defendant made defamatory statements about her in retaliation for the plaintiff's accusation that the defendant discriminated against a maid whom the defendant employed in Singapore. The defendant denied the allegations and made various counterclaims against the plaintiff, including defamation and breach of fiduciary duty. Both parties moved, <u>inter alia</u>, to dismiss the claims made by the other; each motion was partially successful. The following matters remain to be tried: (a) the plaintiff's breach of contract and defamation claims; and (b) the defendant's defamation and breach of fiduciary duty claims.

The plaintiff made the instant motion for: (1) a temporary restraining order, without notice; (2) a preliminary injunction; and (3) an order of attachment because she has learned that CEDAW, of which the defendant is a member, is scheduled to relocate to Switzerland. The plaintiff fears the defendant will remove her assets from New York, after CEDAW moves to Europe. According to the plaintiff, this will make it difficult for her to recover money damages, should she prevail in this action.

### III. DISCUSSION

*Temporary Restraining Order and Preliminary Injunction*

Fed. R. Civ. P. 65 (b) states in pertinent part:

A temporary restraining order may be granted without written or oral notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The issuance of a temporary restraining order and a preliminary injunction lies within the equitable and discretionary powers of the court. See Jayaraj v. Scappini, 66 F.3d 36, 38 (2d Cir. 1995); Contichem LPG v. Parsons Shipping Co., Ltd., 229 F.3d 426, 429 (2d Cir. 2000). The Supreme Court has recognized that, although ex parte temporary restraining orders may be appropriate in certain circumstances, "under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Team. etc., 415 U.S. 423, 439, 94 S. Ct. 1113, 1124 (1974). A motion for a temporary restraining order is governed by the same standard as a motion for a preliminary injunction. See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992); Spencer Trask Software & Info. Services, LLC v. Rpost Int'l Ltd., 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002). Consequently, the discussion of the standard and the governing case law for obtaining a preliminary injunction apply equally to the plaintiff's application for a temporary restraining order.

Just like a preliminary injunction, a temporary restraining order is "an extraordinary and

drastic remedy which should not be routinely granted." See Medical Soc'y of the State of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977) (citations omitted); Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 843 (2d Cir. 1962); Menon v. Utica Estates Co., No. 86 Civ. 7613, 1987 WL 6432, at *1 (S.D.N.Y. Feb. 5, 1987); Stoenescu v. First Nat'l Trust Ass'n, No. 94 Civ. 6611, 1994 WL 500998, at *1 (S.D.N.Y. Sept. 13, 1994). A party seeking a temporary restraining order based on the underlying request for preliminary injunction must demonstrate: (1) it is likely to suffer irreparable injury in the absence of the order; and (2) either (a) its likelihood of success on the merits or (b) that there are sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and that a balancing of hardships tips decidedly in favor of the movant. See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 424 (2d Cir. 2004); Spencer Trask Software & Info. Services, LLC, 190 F. Supp. 2d at 580. The Supreme Court has held repeatedly that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Sampson v. Murray, 415 U.S. 61, 88, 94 S. Ct. 937, 952 (1974) (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07, 79 S. Ct. 948, 954 [1959]). Moreover, a showing of the likeliness of irreparable injury occurring, before a decision on the merits can be made, is "the single most important prerequisite for" granting injunctive relief. Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990) (citation omitted). "A moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages." National Association for the Advancement of Colored People, Inc. (NAACP) v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995) (citations omitted). In this circuit, "a mere possibility of

4

irreparable harm" is not sufficient to justify a court in issuing a temporary restraining order. Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 34 (2d Cir. 1991); AIM Int'l Trading, LLC v. Valcucine SpA, 188 F. Supp. 2d 384, 387 (S.D.N.Y. 2002).

Money damages are a typical remedy for breach of contract and for defamation, the plaintiff's remaining claims against the defendant. Where a moving party can be compensated for its loss by money damages, a preliminary injunction should not issue. See JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990); Borey, 934 F.2d at 34; Sampson, 415 U.S. at 89-90, 94 S. Ct. at 952-53. Similarly, in such a circumstance, issuing a temporary restraining order would be inappropriate.

Here, the plaintiff seeks money damages for the alleged breach of an oral contract and defamation. The plaintiff alleges that, unless the court directs the defendant "not to alienate her assets in bank accounts" and orders certain banks to freeze the defendant's assets pending the outcome of the litigation, she will suffer "immediate and irreparable injury, loss and damage as [she] will be unable to enforce any potential judgment in [her] favor." The plaintiff's allegation is predicated on the information she allegedly received, that the functions of CEDAW, of which the defendant is a member, "will no longer take place in New York but in Geneva, Switzerland." The plaintiff admits, in an affidavit, that the exact date of the CEDAW relocation is uncertain, but alleges it will occur in the "near future."

Nothing in the plaintiff's affidavit indicates to the Court that any harm she might suffer is likely or imminent, rather than speculative and remote. In fact, the only harm the plaintiff contemplates is the difficulty she might encounter -- should she prevail in this action -- satisfying "any potential judgment in her favor." The plaintiff has failed to demonstrate that any loss she

has suffered cannot be rectified through an award of money damages. This militates against granting her request for a temporary restraining order and issuing a preliminary injunction.

A litigant's fear that a defendant may not have assets to pay a future judgement is not the type of injury that necessitates the issuance of the equitable relief sought by the plaintiff. See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 329-33, 119 S. Ct. 1961, 1973-75 (1999). Therefore, issuing a temporary restraining order to prevent a defendant from disposing of her assets, while a breach of contract and defamation action is pending, would be an inappropriate exercise of a court's equitable and discretionary powers. See id. at 333, 119 S. Ct. at 1975. Since the plaintiff has failed to meet the burdens imposed on a litigant applying for a temporary restraining order, she is not entitled to the relief she seeks.

*Attachment*

In her motion, the plaintiff invoked Fed. R. Civ. P. 64, which addresses, among other things, the seizure of property "for the purpose of securing satisfaction of the judgment ultimately to be entered in the action." The Rule explains that all remedies for effecting such a seizure provided by the law of the state in which the district court is held may be employed. Under New York law,

> [a]n order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> (1) the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
> (2) the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
> (3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has

assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or

(4) the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or

(5) the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53.

CPLR § 6201.

The only provision of the statute that might arguably be relevant to this case is subdivision three. However, it is incumbent upon a plaintiff to show, by affidavit or other competent evidence, the fraudulent intent of a defendant in disposing of, encumbering, removing or secreting his or her property to disadvantage creditors or to frustrate the enforcement of a judgment that might be obtained in the future. Absent such a showing, the mere possibility that a defendant may remove assets from New York is too remote to justify prejudgment attachment. See Bank of China, New York Branch v. NBM L.L.C., 192 F. Supp. 2d 183, 187-188 (S.D.N.Y. 2002) (citations omitted); Morin v. Trupin, 738 F. Supp. 98, 105 (S.D.N.Y. 1990). In addition to establishing that any of the statutory grounds for attachment exist, a plaintiff seeking an order of attachment must also demonstrate, through competent evidence, that "it is probable that the plaintiff will succeed on the merits" and "that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." CPLR § 6212(a).

In the case at bar, the plaintiff has alleged neither an actual nor an attempted disposal, removal, secretion or encumbrance of any property, by the defendant, that might be used to

7

satisfy a judgment, should the plaintiff prevail in this action.  Rather, the plaintiff has asserted that the relocation of CEDAW, of which the defendant is a member, to Europe, will result in the defendant's frustrating the plaintiff's ability to recover any money damages that might be awarded in her favor.  The plaintiff's assertion, standing alone, does not demonstrate fraudulent intent on the part of the defendant to dispose of, hide, remove or encumber property to the detriment of the plaintiff.  Therefore, without more, the plaintiff has not shown she is entitled to an order of attachment from the court.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the plaintiff's application for a temporary restraining order, without notice, and an order of attachment be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Gerard E. Lynch, 500 Pearl Street, Room 910, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Lynch, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-

59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  Respectfully submitted,
       January 24, 2007

*/Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Maria Arias Zeballos, Esq.
Howard L. Ganz, Esq.