UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARIA ARIAS-ZEBALLOS,                  :

                    Plaintiff,          :          **MEMORANDUM and ORDER**

     -against-                          :          06 Civ. 1268 (GEL)(KNF)

DR. ANAMAH TAN,                             :

                    Defendant.       :
--------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Maria Arias-Zeballos, proceeding pro se, brings this action against defendant Dr. Anamah Tan alleging breach of an oral employment contract and defamation. Before the Court is the plaintiff's motion, made pursuant to Fed. R. Civ. P. 37, to compel the defendant to respond to the plaintiff's first set of interrogatories and to pay the costs of the instant motion. The defendant opposes the motion. She contends objections interposed by her to the plaintiff's interrogatories are appropriate. Consequently, the defendant seeks an award of the costs she incurred in responding to the plaintiff's motion.

      The plaintiff's first set of interrogatories contains 11 items through which she seeks the names of and contact information for certain individuals. The defendant responded by making general and specific objections. A specific objection was made to all the interrogatories on the ground that each sought "information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence." Additionally, the defendant objected to interrogatory Nos. 1 and 8, which seek the names of and contact

1

information for the members of certain Singapore-based and internationally-focused organizations, on the ground that the interrogatories are "vague, overbroad and unduly burdensome." The plaintiff contends the defendant's objections to her interrogatories amount to a failure to disclose. The defendant disagrees and contends the objections are appropriate.

Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, the following:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The parties to a litigation may obtain discovery by using written interrogatories and "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Fed. R. Civ. P. 33(b)(1). If a party fails to answer an interrogatory or provides an evasive or incomplete answer, the discovering party may move for an order from the court compelling an answer, provided the moving party includes in its motion a certificate that the movant has in good faith conferred or attempted to confer with the person failing to answer in an effort to secure the information without court action. See Fed. R. Civ. P. 37(a).

Discovery rules must be construed broadly and liberally to make sure that their purpose of ensuring that civil litigants are adequately informed is met. See Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 (1979). Within the context of discovery, relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v.

Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978).

A party resisting discovery has the burden of showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, [] by submitting affidavits or offering evidence revealing the nature of the burden."  Compagnie Francaise d' Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,105 F.R.D. 16, 42 (S.D.N.Y. 1984) (quoting Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 [E.D. Pa. 1980])(internal citations omitted).  In order to satisfy its burden, the resisting party must do more than "'simply inton[e the] familiar litany' that the interrogatories are burdensome, oppressive or overly broad" and must "clarify and explain its objections and [] provide support therefor."  Id. at 42-43.  "The court is not required to 'sift each interrogatory to determine the usefulness of the answer sought.'"  Id. at 42. (Citation omitted).

*A. Vague, Overbroad and Unduly Burdensome*

The defendant objected to the plaintiff's interrogatory No. 1, which seeks the names of and contact information for the officers of the (a) Ministry of Community Development and Sports, (b) Ministry of Community Youth and Sports or (c) any other Singapore entity involved with: (i) the plaintiff's work with the defendant; (ii) the compensation for such work; or (iii) the instant litigation, on the ground that it was "vague, overbroad and unduly burdensome."  The same objection was made by the defendant to the plaintiff's interrogatory No. 8, which seeks the name(s) of and contact information for: (1) all the board members of the International Council of Women ("ICW"); (2) ICW's president; and (3) ICW's vice president.  However, the affidavit of the defendant's counsel, submitted in opposition to the plaintiff's motion to compel, does not

clarify and explain the objection made to interrogatory No. 1. Furthermore, it fails entirely to address the objection to interrogatory No. 8 made on the grounds identified above. Therefore, since the defendant has not met her burden of showing specifically how interrogatory Nos. 1 and 8 are "vague, overbroad and unduly burdensome," the objections made to answering the interrogatories, based on these grounds, are overruled.

*B. Relevancy*

The defendant objected to the plaintiff's first set of interrogatories on the ground that each interrogatory is "neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence." The defendant contends the information requested by interrogatory Nos. 6 and 10, which concerns a former personal assistant to the defendant and the assistant's parents, is not relevant to this action. The defendant contends further that the plaintiff "has not proffered any reason as to why information concerning" these persons would be relevant to this action. The defendant maintains, the information requested about the individual named in interrogatory No. 7 is not relevant and, furthermore, according to the defendant, the plaintiff "has not offered any reason why information concerning" the individual named in interrogatory No. 11 is irrelevant to this action. The affidavit of the defendant's counsel does not address the objection to interrogatory Nos. 2-5, 8 and 9 on the ground of relevancy.

As discussed above, in order to satisfy her burden and have her objections sustained, the defendant must do more than simply state that the plaintiff's interrogatories are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. The defendant must clarify her objections by explaining, through competent evidence submitted to the Court, why

each interrogatory is not relevant. Although the memorandum of law the defendant submitted in opposition to the plaintiff's motion to compel attempts to explain the defendant's objections to interrogatory Nos. 2-5, 8 and 9, a memorandum of law is not evidence.[1] Therefore, it cannot be relied upon solely by the defendant to support the allegations she has made in objecting to answer the plaintiff's interrogatories.

The Court finds that the defendant failed to meet her burden of submitting competent evidence to the Court that clarifies and explains her objections to answer the plaintiff's interrogatories based on allegations of irrelevancy. Therefore, to the extent the defendant's objections to the plaintiff's interrogatories rest on that ground, they are overruled.

C. Expenses Incurred in Making the Motion

Fed. R. Civ. P. 37(a)(4) provides, in pertinent part:

If the motion [for an order compelling disclosure] is granted, [] the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion.

In a circumstance such as this, the award of reasonable expenses to the plaintiff, the prevailing party, is warranted, unless the Court finds that: (i) the plaintiff did not first make a good faith effort to obtain discovery without the Court's intervention; or (ii) the defendant's nondisclosure, response or objection(s) was substantially justified; or (iii) other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37 (a)(4). "[A] party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." Peterson v. Hantman, 227 F.R.D. 13, 16 (D.D.C. 2005)(quoting

---

[1] The Court notes that the defendant's "Memorandum of Law," although long on argument, lacks any citation to case law.

Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 [1988]). A party's conduct is substantially justified "if the issue presented is one that 'could engender a responsible difference of opinion among conscientious, diligent[,] but reasonable advocates.'" Id. (quoting Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 200, 205 [D.D.C. 1998]).

Here, the Court finds that the defendant has not established that she was substantially justified in making objections to the plaintiff's interrogatories, that are discussed above. Additionally, the Court perceives no circumstance which would make an award of expenses unjust. Therefore, since the plaintiff was required to file the instant motion to compel, she is entitled to an award of the reasonable expenses incurred in bringing the motion.

For the reasons set forth above, the plaintiff's motion to compel the defendant to answer her first set of interrogatories, entry No. 57 on the docket sheet maintained by the Clerk of Court for this action, is granted. The plaintiff's request for the reasonable expenses she incurred in making the instant motion is granted. On or before June 7, 2007, the plaintiff shall serve and file competent evidence, in the form of an affidavit or otherwise, establishing the reasonable expenses she incurred in making the instant motion. On or before June 14, 2007, the defendant shall serve and file any challenge to the reasonableness of the amount sought by the plaintiff. On or before June 21, 2007, any reply shall be served and filed by the plaintiff.

Dated: New York, New York
      May 31, 2007

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Maria Arias Zeballos, Esq.
Howard L. Ganz, Esq.