UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
MARIA ARIAS-ZEBALLOS,                                       :
                                                            :
                            Plaintiff,                      :
                                                            :      06 Civ. 1268 (GEL)
                    -v-                                     :
                                                            :      **OPINION AND ORDER**
DR. ANAMAH TAN,                                             :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------x

GERARD E. LYNCH, Circuit Judge:[1]

## BACKGROUND

      This matter was tried before a jury from December 8 -12, 2008. The jury returned a verdict for defendant. Defendant timely sought to recover $2,703.80 in costs, and the Clerk of the Court entered the bill of costs on February 19, 2009. As explained in this Court's order dated March 16, 2009 (Doc. # 157), the entry of the bill of costs was a clerical error; plaintiff had filed a notice of appeal on February 11, 2009, seven days before costs were taxed against her, and under Local Rule 54.1, cost are not to be taxed while a case is on appeal.

      Plaintiff moved to vacate the bill of costs, pointing out the clerical error and arguing more substantively that she should not have been taxed for the full cost of her two-day deposition by the defendant because the deposition was not "necessary" as required by 28 U.S.C. § 1920 and Local Rule 54.1. As the filling of the notice of appeal also divested this Court of jurisdiction over the matter, this Court was without jurisdiction to either correct the clerical error or address plaintiff's substantive objections to the bill of costs. Accordingly, in the March 16 order, the Court denied plaintiff's motion to vacate the bill of costs.

      Subsequently, the Court of Appeals entered a limited remand to this Court "for consideration of whether to correct any clerical errors pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, as well as consideration of Appellant's substantive objections to Appellee's bill of costs." (Doc. # 158.) Accordingly, the original bill of costs entered by the Clerk (Doc. # 144) will be vacated, and the Court will proceed to address plaintiff's objections, and determine whether defendant is entitled to the costs she seeks.

---

[1] The Honorable Gerard E. Lynch, Untied States Court of Appeals for the Second Circuit, sitting by designation.

**DISCUSSION**

Defendant requests a total of $2,703.80 in costs. This figure is broken down as follows: $250.00 for fees of the Clerk; $13.00 for fees for exemplification and copies of papers necessarily obtained for use in the case; and the remaining $2,440.80 for the transcript, plus one copy, of each of the two days of deposition testimony of plaintiff. Plaintiff's objection is limited to the transcript cost.

Rule 54(d)(1), Fed. R. Civ. Pro., provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The term "costs" in Rule 54 refers to the items enumerated in 28 U.S.C. § 1920, which include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." See Whitfield v. Scully, 241 F.3d 264, 269-70 (2d Cir. 2001).[2] The Local Rules of this Court further specify that "the original transcript of a deposition, plus one copy, is taxable if the deposition was . . . used by the court in ruling on a motion for summary judgment or other dispositive motion." Local Civil Rule 54.1(c)(2). "Depositions are considered 'used' if they were submitted as part of the summary judgment motion and considered by the Court in reaching its decision." Knoll v. Equinox Fitness Clubs, No. 02 Civ. 9120, 2007 WL 4526596, at *2 n.13 (S.D.N.Y. Dec. 20, 2007), quoting L & B 57th Street, Inc. v. E.M. Blanchard, Inc., No. 95 Civ. 3450, 1997 WL 403430, at *2 (S.D.N.Y. July 16, 1997).

Plaintiff does not dispute that her deposition testimony was used by this Court in ruling on the parties' cross-motions for summary judgment. Nor could she. The deposition testimony was submitted as part of defendant's motion for summary judgment and cited by this Court in the resulting opinion and order issued on March 28, 2008. See Arias-Zeballos v. Tan, No. 06 Civ. 1268, 2008 WL 833225 (S.D.N.Y. Mar. 28, 2008). Accordingly, the deposition transcript is properly taxable under Local Rule 54.1. E.g., Patterson v. McCarron, No. 99 Civ. 11078, 2005 WL 735954, at *2 (S.D.N.Y. Mar. 30, 2005); Williams v. Cablevision Systems Corp., No. 98 Civ. 7988, 2000 WL 620215, at *2 (S.D.N.Y. May 12, 2000).

Plaintiff nevertheless argues that the full two-day deposition was not necessary because defense counsel advanced redundant, unnecessary and irrelevant questions. Rule 30(d), Fed. R. Civ. Pro. generally limits a deposition to "1 day of 7 hours" in duration, "[u]nless otherwise stipulated or ordered by the court." While there may be circumstances in which a deposition exceeding this time frame should not be fully taxable, e.g., Hardwick v. Blackwell Sanders Pepr Martin, L.P., No. 05-859-cv, 2006 WL 3841542, at *2 (W.D. Mo. Dec. 29, 2006), this case does not present such a situation.

As an initial matter, to the extent plaintiff implies that the deposition lasted two full days, the implication is misleading. Although the deposition spanned two separate days, defense

---

[2] 28 U.S.C. § 1920 also includes as taxable costs the "fees of the clerk" and "fees for exemplification and the costs of many copies of any materials where the copies are necessarily obtained for use in the case," which constitute the remaining $263 in unchallenged costs.

counsel's questioning of plaintiff was limited to less than nine and a half hours. More importantly, a thorough review of the deposition transcript reveals that the length of the deposition was for the most part caused by plaintiff's frequent interruption of defense counsel, and answers which often trailed off into lengthy discourse on matters only tangentially related to the question posed. To the extent defense counsel repeated himself, it was often in an effort to get plaintiff to focus her answer on the question asked. Plaintiff's own conduct during the deposition thus defeats her argument that the excessive length of the deposition justifies a reduction in the amount taxable against her.

## CONCLUSION

Accordingly, it is hereby ordered that (1) the bill of costs previously entered is vacated, and (2) on full consideration, defendant is once again awarded $2,703.80 in costs. In accordance with the terms of the Second Circuit's mandate providing for this limited remand, jurisdiction over the previously-pending appeal will automatically be restored to the Court of Appeals, upon notification by letter of the parties to the Clerk of the Second Circuit within 30 days of this order.

SO ORDERED.

Dated: New York, New York
       October 14, 2009

_____
GERARD E. LYNCH
United States Circuit Judge

Copy by mail to:

Maria Arias-Zeballos
235 West 71st Street
Apt. 54
New York, NY 10023